IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
4:13-CV-179-BR

| | | |
|---|---|---|
| DANIEL B. BARNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| THE FISHING VESSEL SASSY SARAH | ) | |
| and HIWALL, INC., | ) | |
| | ) | |
| Defendants. | ) | |

This case comes before the court on the motion[1] (D.E. 13) by defendant F/V Sassy Sarah ("F/V Sassy Sarah") *in rem* and defendant Hiwall, Inc. ("Hiwall") *in personam* (collectively "defendants") to compel the deposition of plaintiff Daniel B. Barnes ("plaintiff"). Plaintiff did not file a response to the motion, which has been referred to the undersigned for disposition pursuant to 28 U.S.C. §636(b)(1)(A). (*See* Minute Entry after D.E. 16). For the reasons set forth below, the motion will be allowed.

## **BACKGROUND**

Plaintiff commenced this action on 29 July 2013. (*See* Compl. (D.E. 1)). In his complaint, he alleges that he was employed by Hiwall as a crewmember on the F/V Sassy Sarah, a shrimp boat converted to stern trawling and scalloping. (*Id.* ¶¶ 7, 10). Plaintiff further alleges that on 2 August 2010, he was injured after being directed to go on the vessel's outrigger to untangle a stabilizer chain from the tow cable. (*Id.* ¶¶ 12, 19, 23). He asserts claims pursuant to the Jones Act, 26 U.S.C. § 30104 (*id.* ¶¶ 27-34) and general maritime law (*id.* ¶¶ 35-39), as well

---

[1] Defendants filed a second motion seeking identical relief (D.E. 15) after plaintiff did not file a response to the original motion. Because that motion is duplicative, it is DENIED as MOOT.

as a claim for maintenance and cure (*id.* ¶¶ 40-43). Defendants deny the material allegations in plaintiff's complaint. (*See generally* Am. Ans. (D.E. 10)).

## DISCUSSION

I. APPLICABLE LEGAL STANDARDS

The Federal Civil Rules enable parties to obtain information by serving requests for discovery on each other, including notices of deposition of individuals, corporate entities, and non-parties. *See generally* Fed. R. Civ. P. 26-37, 45. Rule 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). The rules of discovery, including Rule 26, are to be given broad and liberal construction. *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *Nemecek v. Bd. of Governors*, No. 2:98-CV-62-BO, 2000 WL 33672978, at *4 (E.D.N.C. 27 Sep. 2000).

While Rule 26 does not define what is deemed relevant for purposes of the rule, relevance has been "'broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party.'" *Equal Employment Opportunity Comm'n v. Sheffield Fin. LLC*, No. 1:06CV889, 2007 WL 1726560, at *3 (M.D.N.C. 13 June 2007) (quoting *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 473 (N.D. Tex. 2005)). The district court has broad discretion in determining relevance for discovery purposes. *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 489 (4th Cir. 1992).

Rule 30 provides for depositions by oral examination. Fed. R. Civ. P. 30. It also authorizes the court to impose sanctions "on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2).

Rule 37 provides for motions to compel disclosures and discovery responses. Fed. R. Civ. P. 37(a)(3)(A), (a)(3)(B). Rule 37 requires that a motion to compel discovery "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Similarly, Local Civil Rule 7.1(c), E.D.N.C. requires that "[c]ounsel must also certify that there has been a good faith effort to resolve discovery disputes prior to the filing of any discovery motions." Local Civ. R. 7.1(c), E.D.N.C.; *see Jones v. Broadwell,* No. 5:10-CT-3223-FL, 2013 WL 1909985, at *1 (E.D.N.C. 8 May 2013) (denying motion to compel which did not state that party complied with Rule 37(a) or Local Civil Rule 7.1(c)); *Cassell v. Monroe*, 5:10-CT-3023-BO, 2010 WL 5125339, at *2 (E.D.N.C. 7 Dec. 2010) (denying motions to compel that failed to comply with Local Civil Rule 7.1 certification requirement).

In addition, Rule 37(a)(5)(A) requires that the moving party be awarded expenses when a motion to compel discovery is granted, absent certain specified circumstances. Fed. R. Civ. P. 37(a)(5)(A). The rule states in relevant part:

> If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed. R. Civ. P. 37(a)(5)(A).

## II. DEFENDANTS' MOTION TO COMPEL DEPOSITION

Defendants assert that despite noticing plaintiff's deposition at a date and time agreed to by all counsel, plaintiff failed to appear as agreed. By the instant motion, defendants move to compel plaintiff to appear. Defendants have duly certified that they attempted to resolve this matter without court intervention (*see* Mot. (D.E. 13) 1). Having failed to respond to defendants' motion, plaintiff does not contest the relief defendants seek or the grounds advanced by defendants for it. The court therefore ALLOWS defendants' motion to compel.

Plaintiff's deposition shall occur as promptly as possible on a date not later than 15 August 2014 noticed by defendants after good faith consultation with plaintiff's counsel. Plaintiff shall timely appear at the deposition as noticed by defendants.

## III. EXPENSES

Defendants do not expressly request the award of expenses incurred in filing their motion to compel. But Rule 37(a)(5)(A) does not require that a moving party request expenses in order to be entitled to them. Particularly in light of its findings that defendants made a good faith effort to resolve the discovery dispute before filing the motion to compel and that plaintiff has failed to comply with his obligations under the Federal Civil Rules, the court hereby AWARDS attorney's fees and other expenses incurred by defendants in bringing their motion to compel, pursuant to Rule 37(a)(5)(A). *Cf. Gardner v. AMF Bowling Ctrs., Inc.*, 271 F. Supp. 2d 732, 733-34 (D. Md. 2003) (holding defendant entitled to discovery sanction and attorney's fees where plaintiff failed to respond to discovery requests by due date, defendant advised plaintiff's counsel in writing that responses were past due, and plaintiff did not respond to defendant's letters or to motion for sanctions).

Defendants shall file by 13 August 2014 an affidavit setting out the reasonable attorney's fees and other expenses they claim, along with a supporting memorandum and any other supporting documents. Plaintiff may file a response to defendants' filing within two weeks after it is served, but in no event later than 27 August 2014. He may address in his response not only the reasonableness of the expenses claimed by defendants, but also any grounds upon which he contends expenses should not be awarded against him. If plaintiff does not file a response by that date, the court will deem him to have no objection to the fees and other expenses claimed by defendants. The court will thereafter enter an order setting the amount due and the deadline for payment.

## CONCLUSION

In sum, for the reasons and on the terms specified above, IT IS ORDERED that defendants' motion (D.E. 13) to compel is ALLOWED, the duplicative motion at D.E. 15 is DENIED AS MOOT, and defendants shall be awarded the reasonable expenses they incurred in bringing their motion to compel, including attorney's fees. **Failure by plaintiff to fully and timely comply with this Order shall subject him to the imposition of sanctions, which may include dismissal of his claims with prejudice.** *See* Fed. R. Civ. P. 37(b)(2)(A), (C).

SO ORDERED, this the 30th day of July 2014.

_____
James E. Gates
United States Magistrate Judge